**ORIGINAL**

# In the United States Court of Federal Claims

**FILED**

No. 13-822C
(Filed: October 30, 2013)

OCT 3 0 2013

U.S. COURT OF
FEDERAL CLAIMS

```
*************************************
SHAUNTELL SMITH,                     *
                                     *
              Plaintiff,             *      Pro Se Plaintiff; Dismissal for Lack of
                                     *      Jurisdiction; Application to Proceed In
v.                                   *      Forma Pauperis
                                     *
THE UNITED STATES,                   *
                                     *
              Defendant.             *
*************************************
```

Shauntell Smith, Washington, DC, pro se.

## ORDER DISMISSING CASE

**SWEENEY**, Judge

      On October 21, 2013, plaintiff in the above-captioned case, appearing pro se, filed a complaint and an application to proceed in forma pauperis. In her complaint, plaintiff provides a laundry list of defendants and claims, but does not set forth any facts explaining how those defendants purportedly injured her. Specifically, plaintiff names as defendants the United States Department of the Treasury; the Social Security Administration; the United States Postal Service; and a variety of state agencies, private companies, private entities, and individuals. And, plaintiff lists the following claims against these agencies, entities, and individuals: (1) hacking her accounts and electronically altering her information; (2) violating her privacy; (3) forcing a belief system on people under the pretense of helping them; (4) harassment; (5) aggressively pursuing and charging certain, unspecified individuals; (6) immoral acts unbecoming to government employees; (7) judicial negligence and misconduct;[1] (8) selective prosecution; (9) manipulating the minds of ordinary citizens who are unaware of their legal rights; (10) failing to protect mentally ill individuals; (11) the failure of "core service agencies" to assist others as required; and (12) altering birth records.

      The court lacks jurisdiction to entertain plaintiff's complaint. As an initial matter, it is well settled that the United States is the only proper defendant in the United States Court of Federal Claims ("Court of Federal Claims"). See 28 U.S.C. § 1491(a)(1) (providing that the Court of Federal Claims has jurisdiction over claims against the United States); R. U.S. Ct. Fed.

---

[1] Plaintiff does not name any judicial officers as defendants in her complaint.

Cl. 10(a) (requiring that the United States be designated as the defendant in the Court of Federal Claims); Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003) ("[T]he only proper defendant for any matter before this court is the United States, not its officers, nor any other individual."). Indeed, the jurisdiction of the Court of Federal Claims "is confined to the rendition of money judgments in suits brought for that relief against the United States, . . . and if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court." United States v. Sherwood, 312 U.S. 584, 588 (1941). Accordingly, the court lacks jurisdiction over plaintiff's claims against all parties other than the United States.

Moreover, the ability of the Court of Federal Claims to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." Sherwood, 312 U.S. at 586. The waiver of immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969). The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States, not sounding in tort, that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1) (2006). However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc). Plaintiff does not allege any claims based on a contract with the United States or a money-mandating constitutional provision, federal statute, or federal regulation. Accordingly, the court lacks jurisdiction to entertain plaintiff's claims.

As noted above, plaintiff filed, concurrent with her complaint, an application to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1915, courts of the United States are permitted to waive filing fees and security under certain circumstances.[2] See 28 U.S.C. § 1915(a)(1); see also Hayes v. United States, 71 Fed. Cl. 366, 366-67 (2006) (concluding that 28 U.S.C. § 1915(a)(1) applies to both prisoners and nonprisoners alike). Plaintiffs wishing to proceed in forma pauperis must submit an affidavit that lists all of their assets, declares that they are unable to pay the fees or give the security, and states the nature of the action and their belief that they are entitled to

---

[2] While the Court of Federal Claims is not generally considered to be a "court of the United States" within the meaning of title twenty-eight of the United States Code, the court has jurisdiction to grant or deny applications to proceed in forma pauperis. See 28 U.S.C. § 2503(d) (deeming the Court of Federal Claims to be "a court of the United States" for the purposes of 28 U.S.C. § 1915); see also Matthews v. United States, 72 Fed. Cl. 274, 277-78 (2006) (recognizing that Congress enacted the Court of Federal Claims Technical and Procedural Improvements Act of 1992, authorizing the court to, among other things, adjudicate applications to proceed in forma pauperis pursuant to 28 U.S.C. § 1915).

redress. 28 U.S.C. § 1915(a)(1). Here, plaintiff has satisfied all three requirements. Accordingly, the court grants plaintiff's application and waives her filing fee.

In sum, the court **GRANTS** plaintiff's application to proceed in forma pauperis and **DISMISSES** plaintiff's complaint for lack of jurisdiction. The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Judge